[Nos. 2630 and 2636.]

F. H. FREESE *v.* THE STATE.
W. P. JONES *v.* THE STATE.

LOCAL OPTION LAW — EFFECT OF ABROGATION OF LOCAL OPTION.—If a county adopted and afterwards rescinded the local option law, the abrogation of its provisions in this manner operates to exempt from punishment those offenders against it whose cases are pending in this court on appeal; and in such cases the judgments of conviction must be reversed and the prosecutions dismissed.

APPEALS from the County Court of Lamar. Tried below before the Hon. W. S. Moore, County Judge.

The opinion in the above entitled cases disposes not only of them but also of five others pending in this court on appeal from the County Court of Lamar.

*Dudley & McDonald,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. These are convictions for violations of Article 378 of the Penal Code, commonly known as the "Local Option Law." Since the appeals were perfected, the voters of Lamar county have determined at an election, in accordance with law, that the sale of intoxicating liquors in that county shall no longer be prohibited. Therefore, under previous decisions of this court, these judgments cannot be enforced, and must be reversed and the prosecutions dismissed. (*Monroe* v. *The State,* 8 Texas Ct. App., 343.)

*Reversed and dismissed.*

Opinion delivered April 11, 1883.